**UNITED STATES of America,**
**Appellee,**

v.

**Luis Alberto SALAS–ORTIZ,**
**Defendant–Appellant.**

**No. 06–5354–cr.**

United States Court of Appeals,
Second Circuit.

March 12, 2008.

Jonathan G. Axelrod, Beins, Axelrod P.C., Washington, DC, for Appellant.

Deborah R. Slater, Assistant United States Attorney for the District of Connecticut (William J. Nardini, on the brief), for Kevin J. O'Connor, United States Attorney for the District of Connecticut, Hartford, CT, for Appellee.

Present: Hon. RICHARD C. WESLEY, Hon. DEBRA ANN LIVINGSTON, Circuit Judges and Hon. BRIAN M. COGAN, District Judge.[1]

## SUMMARY ORDER

Defendant-appellant Luis Alberto Salas–Ortiz appeals from a November 15, 2006 judgment of the United States District Court for the District of Connecticut (Burns, *J.*) sentencing him to 68 months' imprisonment after he pleaded guilty to being a previously deported alien who was unlawfully present in the United States in violation of 8 U.S.C. § 1326(a). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

For purposes of determining a defendant's criminal history category, prior sentences are counted separately if they were imposed in "unrelated cases," but are generally treated as one sentence if they were imposed in "related cases." *See United States v. Rivers,* 50 F.3d 1126, 1128 (2d Cir.1995). Offenses that are consolidated for sentencing are generally deemed related unless separated by an intervening arrest. U.S.S.G. § 4A1.2(a)(2).

■ Salas–Ortiz argues that the district court committed plain error when it separately counted his consolidated Connecticut Superior Court convictions for larceny and failure to appear "FTA" in calculating his criminal history category. In making his claim, Salas–Ortiz relies on a clerical error in the Presentence Report ("PSR") that incorrectly lists the arrest date for the FTA offense as identical to the arrest date for the underlying larceny conviction. In his own sentencing memorandum, however, Salas–Ortiz explicitly consented to the criminal history category employed by the district court and stated that he "previously submitted an objection to probation's calculation of his criminal history. He now withdraws that objection." Because Salas–Ortiz explicitly withdrew his objection to the relevant criminal history category, he has waived any challenge to that finding on appeal. *See United States v. Yu–*

1. The Honorable Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

*Leung,* 51 F.3d 1116, 1122 (2d Cir.1995) (when a "party consciously refrains from objecting as a tactical matter … that action constitutes a true waiver, which will negate even plain error review") (internal quotation marks omitted).

Salas–Ortiz's argument also lacks merit. He bases his claim entirely on the fact that the PSR recited that he was arrested for both the larceny and FTA offenses on the same date. This argument fails for two reasons. First, when viewed in its totality, the record demonstrates that the date listed in the PSR for the larceny arrest was a clerical error. The district court properly relied on the parties' uniform (and accurate) understanding that the two offenses stem from two separate arrests, notwithstanding the existence of the clerical error in the PSR. Second, the district court granted the Government's motion to supplement the record to include a certified copy of the relevant convictions which establishes that the FTA offense occurred at a time subsequent to Salas–Ortiz's initial arrest for larceny. *See* Fed. R.App. P. 10(e)(2)(B) (authorizing district court to supplement the record).

■ Salas–Ortiz further argues that the district court's below-Guidelines sentence of 68 months' imprisonment was substantively unreasonable. The district court considered all of the 18 U.S.C. § 3553(a) factors and weighed, *inter alia,* Salas–Ortiz's claims for mitigation, his personal history, his substantial criminal record, and the facts relating to his latest conviction. As a result, the district court's imposition of the below-Guidelines sentence was reasonable.

We have considered all of Salas–Ortiz's other arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.